

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 3:17-1206-MGL-3 |
| | § |
| JOSHUA TRAVIS TRAMMELL, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DISMISSING WITHOUT PREJUDICE DEFENDANT'S MOTION**

**I.    INTRODUCTION**

Pending before the Court is Defendant Joshua Travis Trammell's (Trammell) pro se "Motion to Reopen Judgment Under Rule 60(b)(6) and Motion to Appoint Counsel." Mot. at 1. Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court Trammell's motion will be denied.

**II.   FACTUAL AND PROCEDURAL HISTORY**

The grand jury indicated Trammell on one count of knowingly, intentionally, and unlawfully possessing with the intent to distribute and distributing a quantity of oxycodone, hydrocodone, hydromorphone, oxymorphone, tapentadol, methylphenidate, dextroamphetamine, morphine, meperidine, and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) , 841(b)(1)(C), and 846 (Count One); one count of knowingly possessing a firearm in furtherance of, and the use and carrying of a firearm during and in retaliation to, a drug trafficking crime in violation of 18 U.S.C.

§§ 924(c)(1)(A) and 2 (Count Three), and a forfeiture count.  Remaining counts were lodged against his codefendants.

On January 29, 2019, Trammell pled guilty to Count One.  The Court, on July 23, 2019, sentenced him to a term of 121 months of imprisonment and, upon release, a term of supervised release for three years with standard and special conditions.  Count Three and the forfeiture were dismissed upon motion of the government.  Trammell is currently housed at Federal Correctional Institution Gilmer (FCI Gilmer), and has a projected release date on or about October 27, 2026.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.    DISCUSSION AND ANALYSIS**

Trammell claims that Federal Rule of Civil Procedure 60(b)(6) entitles him to raise an appeal to "reopen the judgment based on a claim of ineffective assistance of counsel."  Mot. at 2.  He asks "that the Court appoint appellate counsel and enter a notice of appeal of the criminal judgment." *Id.* at 1.

Trammell failed to appeal his conviction or sentence.  Also, Trammel has failed to pursue a collateral attack on the judgment pursuant to 28 U.S.C. § 2255.  To the extent the motion raises claims of ineffective assistance of counsel, Trammell makes clear in his motion he does not desire his current arguments to be constructed or addressed as a habeas corpus action.  *See* Mot. at 2 ("[T]here is no basis for contending that a Rule 60(b) motion should be treated as a habeas corpus petition.").  Moreover, Trammell filed this motion over fifteen months after his sentencing by the district court.

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts[.]"  Fed. R. Civ. P. 1.  "Federal Rule of Civil

Procedure 60(b) . . . does not provide for relief from a judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999).

Consequently, the Court will dismiss this motion without prejudice. If Trammell seeks to collaterally attack his judgment alleging ineffective assistance of counsel, he must file a habeas petition pursuant to 28 U.S.C. § 2255.

IV.   **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Trammell's motion [219] is **DISMISSED WITHOUT PREJUDICE**. To the extent Trammell makes a motion for appointed counsel to assist with his motion, the request is **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 29th day of July 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE