

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIM. ACTION NO.: 3:17-1206-MGL-3 |
| § | |
| JOSHUA TRAVIS TRAMMELL, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR A REDUCTION IN SENTENCE
AND FOR COMPASSIONATE RELEASE,
AS WELL AS REQUEST FOR AN EVIDENTIARY HEARING**

### I.   INTRODUCTION

Pending before the Court are Defendant Joshua Travis Trammell's (Trammell) pro se motions for a reduction in sentence and for compassionate release, as well as his request for an evidentiary hearing, all set forth in a single filing.  Having carefully considered the motions, the request, the supplement, the response, the sentence reduction report (SRR), the record, and the applicable law, it is the judgment of the Court Trammell's motions and request will be denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

Trammell pled guilty to conspiracy to possess with intent to distribute various controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  At sentencing, Trammell received a total offense level of twenty-nine, and was assigned seven criminal history points, which resulted in a criminal history category of IV.  Together, this meant Trammell's

guideline sentence was 121 to 151 months of imprisonment. The Court sentenced him to 121 months imprisonment, followed by a three-year term of supervised release.

Trammell is currently housed at Federal Correctional Institution Coleman Low (FCI Coleman Low) with a projected release date of October 27, 2025. He has served approximately sixty-four months of his sentence so far.

Trammell alleges he has failed to receive any disciplinary violations while incarcerated, although the government presents evidence he received a sanction for refusing to obey an order.

Trammell points out the Bureau of Prisons (BOP) has transferred him from a medium security prison to a low security prison. He states he has maintained relationships with his family during his incarceration. He also avers he has taken rehabilitative courses in the BOP, including a non-residential drug and alcohol treatment program, and claims he has focused on his work-related skills to allow him to secure lawful employment upon release.

The Court has previously denied two compassionate release motions filed by Trammell. After Trammell filed his instant motions and request, the United State Probation Office (USPO) filed the SRR. Trammell thereafter supplemented his motions with documentation of his exhaustion of administrative remedies. The government subsequently responded, and Trammell failed to reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions and request.

### III.    MOTION TO REDUCE SENTENCE UNDER AMENDMENT 821

Trammell posits he is eligible for a reduction in his sentence under Amendment 821 to the United States Sentencing Guideline (U.S.S.G.) Amendment 821. The government avers the Amendment fails to apply to him. The SSR states Trammell is ineligible for relief.

Amendment 821 to the U.S.S.G. took effect on November 1, 2023.

Part A of the amendment addresses status points—criminal history points added if a defendant was under a criminal justice sentence, such as probation or supervised release, at the time of the offense. It decreases status points by one point for individuals with seven or more criminal history points and eliminates them for those with six or fewer criminal history points. U.S.S.G. amend. 821, Part A. Part A became retroactive on February 1, 2024. *Id.* Amend. 825.

Although Trammell contends the Court assessed status points at sentencing, this is incorrect.

And, although Trammell argues the Court erred in assessing certain enhancements to his total offense level, the Court is unable to recalculate his guideline outside the provisions of Amendment 821. *See id.* § 1B1.10(b)(1) (In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected.").

Finally, Part C amends the commentary to U.S.S.G. § 4A1.3 to include prior simple marijuana possession convictions as an example to when a downward departure may be warranted based on a defendant's criminal history. *Id.* Amend. 821, Part C. In other words, Part C recognizes that previous convictions for simple marijuana possession may unjustly inflate a defendant's criminal history category and resultant guideline sentence. This amendment, however, is nonretroactive. *See id.* Amend. 825 (establishing only Parts A and B, Subpart 1 of Amendment 821 are retroactive). Accordingly, Part C fails to afford Trammell relief. *Id.*

Thus, Trammell's guideline sentence remains at 121 to 151 months. Therefore, the Court is unable to reduce Trammell's sentence under Amendment 821. *See id.* § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and

3

therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

Accordingly, the Court will deny his motion for a reduction in his sentence under Amendment 821.

IV.     **MOTION FOR COMPASSIONATE RELEASE**

    A.     *Standard of Review*

After a defendant has exhausted his administrative remedies, the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A). As of November 1, 2023, U.S.S.G. § 1B1.13 contains the applicable policy statement.

Section 1B1.13 now identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated circumstances; and (6) the defendant received an "unusually long sentence[.]" U.S.S.G. § 1B1.13(b).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

### B.     *Discussion and Analysis*

As an initial matter, Trammell has exhausted his administrative remedies. The Court thus turns to the merits of his motion.

> 1. *Whether Trammell presents extraordinary and compelling reasons warranting a reduction of her sentence under 18 U.S.C. § 3582(c)*
>
>     a. *Whether Trammell has presented extraordinary and compelling reasons based on family circumstances*

Trammell asks for compassionate release because he alleges he is the sole provider to his elderly grandmother, who needs assistance with daily living tasks. The government posits he is ineligible for such relief and emphasizes the Court has rejected this argument twice before.

Trammell has raised the argument he needs to care for his grandmother in his two previous compassionate release motions, albeit before the United States Sentencing Commission promulgated the current policy statement.

Under the policy statement, extraordinary and compelling reasons exist upon "[t]he incapacitation of the defendant's [grandparent] when the defendant would be the only available caregiver for the [grandparent]." U.S.S.G § 1B1.13(b)(3)(C) and (D).

Trammell has failed to show his grandmother is incapacitated. In fact, he merely claims she is "starting" to need assistance with living-related tasks. Motions at 9. And, he provides no evidence or even explanation to show he is the only available caregiver.

Accordingly, Trammell has failed to show extraordinary and compelling reasons under this subsection.

### b. Whether Trammell has presented extraordinary and compelling reasons based on an unusually long sentence

Trammell argues his sentence is disparately long. The government insists he is ineligible for consideration under this provision.

Under U.S.S.G § 1B1.13(b)(6),

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

As the Court mentioned above, Trammell has served only sixty-four months, or five years and four months, of his sentence. He has thus failed to serve the requisite ten years for consideration under this provision.

Moreover, Trammell argues his sentence is unusually long due to the changes to the guidelines in Amendment 821. As discussed above, Amendment 821, Part C, addressing prior convictions for simple marijuana possession included in the calculation of a defendant's criminal history score, is nonretroactive. Nonretroactive changes to the U.S.S.G. fail to present a basis for relief under this subsection.

Finally, the Court is unable to agree Trammell's sentence is unusually long. Indeed, it was at the low-end of Trammell's guideline range. In the Court's experience, a 121 months sentence is commensurate with drug conspiracy defendants in similar positions.

Thus, Trammell has failed to show extraordinary and compelling reasons under this category of relief.

### c.     *Whether Trammell has presented extraordinary and compelling reasons based on the catch-all category*

Trammell avers even if his arguments fail to fit into the enumerated categories for relief, the Court should grant compassionate release under Section 1B1.13(b)(5)'s "catch-all" category. The government maintains the Court must look to the enumerated categories where they directly involve the circumstances alleged by the defendant.

As the Court stated above, in addition to the enumerated extraordinary and compelling reasons, U.S.S.G. § 1B1.13(b) contains a "catch-all" category. Under that category, a defendant must show "any other circumstances or combination of circumstances . . . similar in gravity to" the circumstances "described in [the enumerated situations] (1) through (4)[,]" i.e., medical circumstances, age, family circumstances, or abuse by a correctional officer. U.S.S.G. § 1B1.13(b)(5).

The Court agrees it is unable to consider Trammell's family circumstances under the catch-all category. The Court found above Trammell has failed to show those circumstances are sufficiently grave to qualify him for relief. It follows, then, the same circumstances are not "similar in gravity to" the enumerated situations such that he qualifies for relief under the catch-all category.

Similarly, even if a Court could consider the unusually long sentence subsection as a comparator for the catch-all category, as discussed above, Trammell lacks an unusually long sentence. So, the Court is unable to find his arguments in that section help him here.

Accordingly, Trammell has failed to show extraordinary and compelling reasons under this category, as well.

### *2.     Whether the Section 3553(a) factors weigh in favor of release*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would preclude release. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]").  These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes by the defendant;
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Trammell pled guilty to conspiracy to possess with intent to distribute controlled substances, including oxycodone, hydrocodone, hydromorphone, oxymorphone, tapentadol, methylphenidate, dextroamphetamine, morphine, meperidine, and fentanyl.  Those are all Schedule II substances.  The Court held him accountable for 1,972.17 kilograms of converted drug weight.  And, he received enhancements for possessing a firearm and for obstruction.  Altogether, this is a serious offense.

Moreover, his lengthy criminal history, which includes assault and battery, petty larceny, accessory after the fact to a felony, second degree burglary, and driving under the influence, resulted in the Court assigning a criminal history category of IV at sentencing.

And, although the Court commends Trammell for his efforts toward rehabilitation, such strides fail to warrant a sentence reduction. The Court nevertheless encourages Trammell to continue to take part in programming the BOP has to offer.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. His current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case. It creates no unwarranted disparity.

The Court will therefore deny Trammell's motion for compassionate release, as well. Because the Court determines the briefing is sufficient to decide Trammell's motions, it will also deny his request for an evidentiary hearing.

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Trammell's motions for a reduction in his sentence and for compassionate release, as well as his request for an evidentiary hearing, ECF No. 256, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 16th day of May 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
